Nina E. WILLIAMS, Plaintiff,

v.

THOMAS JEFFERSON UNIVERSITY and David M. Goodner, M.D., Defendants.

Civ. A. No. 70-2902.

United States District Court, E. D. Pennsylvania, Civil Division.

June 21, 1972.

Jerome H. Ellis, Philadelphia, Pa., for plaintiff.

A. Grant Sprecher, Philadelphia, Pa., for Thomas Jefferson University.

Barton L. Post, Philadelphia, Pa., for David M. Goodner, M.D.

## MEMORANDUM AND ORDER

DITTER, District Judge.

■ This is a malpractice case against a hospital and a doctor. Plaintiff has filed interrogatories seeking information from the hospital about women upon whom therapeutic abortions were performed in 1969 so that certain inquiries can be directed to them. In this way, plaintiff hopes to obtain evidence from former patients of the doctor so that his credibility can be impeached. The hospital objects to furnishing the information on the grounds that it is privileged.

I agree that the questions need not be answered. In the abstract, abortion is discussed openly and with fervor. Nevertheless, it is an extremely personal thing to each woman who has had an abortion. The consequences of allowing revelation and examination when considered in terms of family relationships and individual friendships could be disastrous to the subjects of an inquiry of the type plaintiff wants to make. A collateral attack for impeachment purposes does not weigh very heavily in a balancing of interests when opposed to such obvious reasons for privacy.

■ Plaintiff also asks for a description of all written instructions or directives relating to obtaining informed consent as to therapeutic abortions and a copy of each. Although the request is made after all discovery was to have been completed, I can see no legal prejudice to the hospital if such copies are required. However, there is no reason why the hospital need "describe in detail" the documents it is supplying.

■ Finally, plaintiff seeks a summary of all verbal instructions given on the obtaining of informed consent. In view of the three years that have elapsed, the number of doctors involved, and the breadth of the inquiry, the question defies response. It is therefore improper.